IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID CADY, on behalf of himself and a class,

Plaintiffs,

vs.

CODILIS & ASSOCIATES, P.C.,

Defendant.

Filed: April 2, 2008
08cv1901 jn
Judge Zagel
Magistrate Judge Denlow

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this action to secure redress against the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant is located here.

## PARTIES

4. Plaintiff is an individual who resides in and, together with his wife, owns a single family home at 207 17th Avenue, East Moline, IL 61244.

5. Defendant Codilis & Associates, P.C. is a law firm organized as an Illinois professional corporation with offices at15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527.

6. The practice of defendant Codilis & Associates, P.C. consists of the collection of debts allegedly owed by consumers to others, mainly residential mortgage loans.

7. Codilis & Associates, P.C. files foreclosure actions at the rate of more than 100 per week.

8. Defendant Codilis & Associates, P.C. is a "debt collector" as defined in the FDCPA.

## FACTS

9. On Dec. 3, 2007, Codilis & Associates, P.C. filed a foreclosure lawsuit against plaintiff in Rock Island, Illinois, entitled "AmTrust Bank, plaintiff, vs. David D. Cady et al., 07 CH 534.

10. The case is still pending and no judgment was entered.

11. The foreclosure lawsuit sought to collect a debt secured by plaintiff's principal residence and incurred for personal, family or household purposes and not for business purposes.

12. On or about Feb. 13, 2008, a certificate of proveup was filed listing service costs at $135. The certificate was signed by an unidentifiable attorney at Codilis & Associates,

P.C. A copy of the certificate is attached as Exhibit A.

13. The certificate states that "the following court costs and expenses were incurred by the Plaintiff herein and ought to be assessed as costs and expenses as provided in the subject mortgage and note: . . . Service of Summons . . . . $135.00."

14. The certificate is a template document, prepared by inserting names, dates and numbers into a template.

15. The "Service of Summons" is part of the template.

16. No public official or private process server received or is owed $135 for services in connection with the foreclosure lawsuit.

17. Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees".

18. The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DocumentServe Express, a licensed Illinois private investigation service.

19. On information and belief no amount was indorsed on the summonses served.

20. The $135.00 actually represents the amount of a bill from Provest LLC.

21. Provest LLC describes itself (www.provest.us) as a "process server management company" that "Specializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network.

22. The number inserted in the certificates filed by defendant frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not

represent fees for the actual service of process by the person or persons engaged in such service.

23. The fees of a company such as Provest are not "costs of suit" and are not accurately identified in the certificate.

24. Defendant Codilis & Associates, P.C. has regularly caused certificates to be filed in foreclosure proceedings that include as "costs of suit" amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

**COUNT I – FDCPA**

25. Plaintiff incorporates paragraphs 1-24.

26. By describing and attempting to collect as court costs sums which are not collectible as such, defendant Codilis & Associates, P.C. violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1):

27. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; or**
>
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to**

**collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

28. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

**CLASS ALLEGATIONS**

29. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

30. The class consists of (a) all natural persons (b) from whom Codilis & Associates, P.C. attempted to collect (c) through the filing of a "Certificate of Prove-Up of Foreclosure Fees and Costs" or otherwise (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action (e) "costs of suit" (f) which included charges for service of process representing amounts paid to Provest or other persons other than the one that actually served process.

31. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

32. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class

members. The predominant common questions are:

a. Whether defendant engaged in a practice of attempting to collect as court costs amounts charged by Provest and similar companies;

b. Whether calling such amounts court costs is a misrepresentation;

c. Whether such amounts are unauthorized.

d. Whether such practice violates the FDCPA.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Moreover, the essence of the practice complained of is the deception of the consumer, and most consumers will not become aware of the facts.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Joel Deutsch
DEUTSCH & DEUTSCH
1825 3rd Ave.
Rock Island, IL 61201
(309) 788-9541
(309) 794-1195 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21098\Pleading\Complaint_Pleading.wpd

# EXHIBIT A

FILED in the CIRCUIT COURT of ROCK ISLAND COUNTY GENERAL DIVISION
FEB 1 3 2008
Clerk of the Circuit Court

IN THE CIRCUIT COURT FOR THE 14TH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ROCK ISLAND, ILLINOIS

AmTrust Bank
PLAINTIFF

Vs.

David D. Cady a/k/a David Cady; et. al.
DEFENDANTS

No. 07 CH 534

## CERTIFICATE OF PROVE-UP OF FORECLOSURE FEES AND COSTS

I, the undersigned, an attorney with Codilis & Associates, P.C., Attorneys for Plaintiff, in support of Plaintiff's motion for Judgment of Foreclosure herein, do hereby state that I have personal knowledge of the following facts, and do, therefore, certify as follows:

1. The following court costs and expenses were incurred by the Plaintiff herein and ought to be assessed as costs and expenses as provided in the subject mortgage and note:

| | |
|---|---|
| Filing Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $231.00 |
| Service of Summons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $135.00 |
| Recording Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $43.50 |
| Title Charges. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $475.00 |
| Publication Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
| Foreclosure Attorneys Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $1,100.00 |
| Postage (Notice of Motion, FDCPA letter). . . . . . . . . . . . . . | $1.23 |
| Miscellaneous. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
| TOTAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $1,985.73 |



2. That the foreclosure attorney's fees stated in paragraph 1 will be, or have been received by CODILIS & ASSOCIATES, P.C. and the request for attorney's fees is reasonable in that:

a. Based upon the experience, reputation and ability of the lawyer or lawyers performing the services; the skill requisite to perform the services properly; and the fees customarily charged in the locality for like services, the fees charged in this case are reasonable.

b. The fee charged was reasonably required to perform the legal services actually rendered.

c. The amount at issue and the results obtained bear a reasonable relationship to the fee claimed.

3. Under the penalties as provided by law pursuant to Section 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

CODILIS & ASSOCIATES, P.C.,

BY: ______________________
Attorney for Plaintiff

February 4, 2008.

CODILIS & ASSOCIATES, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300

14-07-R930

**NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**