**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DAVID CADY, | ) | |
| on behalf of himself and a class, | ) | 08-cv-1901 |
| | ) | |
| Plaintiffs, | ) | Judge Zagel |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| | ) | |
| CODILIS & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendant Codilis & Associates, P.C.   Plaintiff defines the class as (a) all natural persons (b) from whom Codilis & Associates, P.C. attempted to collect (c) through the filing of a "Certificate of Prove-Up of Foreclosure Fees and Costs" or otherwise (d) during a period beginning April 3, 2007 (a date one year prior to the filing of this action) and April 23, 2008 (a date ending 20 days after the filing of this action) (e) "costs of suit" (f) which included charges for service of process representing amounts paid to Provest or other persons other than the one that actually served process.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.      This case concerns a standard practice used by defendant Codilis & Associates, P.C. On Dec. 3, 2007, Codilis & Associates, P.C. filed a foreclosure lawsuit against plaintiff in Rock Island, Illinois, entitled AmTrust Bank v. David D. Cady et al., 07 CH 534. On or about Feb. 13, 2008, a certificate of proveup was filed listing service costs at $135.00 (Exhibit A).

---

[1]Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

The certificate states that "the following court costs and expenses were incurred by the Plaintiff herein and ought to be assessed as costs and expenses as provided in the subject mortgage and note: . . . Service of Summons . . . . $135.00." No judgment was entered.

2.      Plaintiff contends that no public official or private process server received or is owed $135.00 for services in connection with the foreclosure lawsuit. Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees". The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DocumentServe Express, a licensed Illinois private investigation service. On information and belief no amount was indorsed on the summonses served.

3.      The $135.00 actually represents the amount of a bill from Provest LLC. Provest LLC describes itself ([www.provest.us)](www.provest.us) as a "process server management company" that "Specializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network. The number inserted in the certificates filed by defendant  frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not represent fees for the actual service of process by the person or persons engaged in such service. The fees of a company such as Provest are not "costs of suit" and are not accurately identified in the certificate.

4.      Defendant Codilis & Associates, P.C. has regularly caused certificates to be filed in foreclosure proceedings that include as "costs of suit" amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

5.      Plaintiff alleges that the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation of the debt (§1692e(2)), a "threat to take any action that cannot legally be taken or that is not intended to be taken" (§1692e(5)), the use of a "false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)), an unfair practice (§1692f), and an attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law..." (§1692f(1)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

**CLASS CERTIFICATION REQUIREMENTS**

6.      All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

7.      It is reasonable to infer from the following facts that the number of class members exceeds the approximately 40 required for certification:

(1)      This action complains of a standard practice used by defendant.

(2)      Exhibit A is a document, prepared by inserting names, dates and numbers into a template. The "Service of Summons" is part of the template.

(3)      During the class period, Codilis & Associates, P.C. has filed over 120 cases in Rock Island County, Illinois alone.[2] (Exhibit B)

8.      Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

9.      There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is

---

[2] In Exhibit B, plaintiffs' counsel is identified by attorney name, not firm name. Sullivan's Law Directory 2007-2008 lists Berton J. Maley, Brooks E. Brehme, Christina D. Babakitis, Craig C. Smith, Daniel C. Walters, Elaine C. Adams, Ernest J. Codilis, Jr., Gloria A. Tsotsos, Gregory J. Moody, James R. Riegel, Jeffrey B. Dovitz, Joel P. Fonferko, John F. McCabe, Jose G. Moreno, Jr., Joseph J. Circelli, Mariclare O'Connor, Martin Potter, Michelle Isherwood, Peter C. Bastianen, Rachael Stokas, Rhonda A. Peek, Richard S. Spencer, Sharon Devoy, Thomas J. Belczak , and William A. McAllister as attorneys at Codilis & Associates, P.C.

whether Defendant's practice violates the FDCPA.

10.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

11.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.  (Exhibit C)

12.    A class action is superior to other alternative methods of adjudicating this dispute, in that:

   (1)    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

   (2)    A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

13.    In further support of this motion, plaintiff submits the accompanying memorandum of law.

14.    Plaintiff is filing a class certification motion at this time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy

EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Joel Deutsch
DEUTSCH & DEUTSCH
1825 3rd Ave.
Rock Island, IL 61201
(309) 788-9541
(309) 794-1195 (FAX)

T:\21098\Pleading\Plaintiff's Motion for Class Certification_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on May 7, 2008, the foregoing document was filed electronically.  A copy of the foregoing document was served via hand delivery on the following individuals:

**Codilis & Associates, P.C.**
c/o Michael H. Lurie, Registered Agent
30 N. LaSalle St., Suite 2040
Chicago, IL 60602

s/ Daniel A. Edelman
Daniel A. Edelman
